### No. 596

### AM. AGRI. CHEMICAL CO. v. LEGAN

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5088. Decided May 16, 1924

703. LANDLORD AND TENANT—Company held to operate a boarding house where it maintains and pays the expenses and only employs one to supervise the work.

480. EVIDENCE—No inconsistency held to exist between answers given to interrogatories in this case.

VICKERY, P. J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Legan began an action for personal injuries against the Chemical Co., which he received by reason of falling down a stairway in a building which he claimed was owned, occupied and run by it. Legan recovered a verdict for $5,000. The evidence disclosed that a tenant occupied a portion of this boarding house and had charge of the same, but the defendant furnished all the furniture, bedding and other equipment, as well as the water and light, and took the board from the wages of all the men who boarded there. Two interrogatories were submitted to the jury, which were: (1) Was defendant operating and maintaining this boarding house as a boarding house keeper at the time that the accident happened and the plaintiff a boarder of the defendant? Answer: Yes. (2) Did the relation of landlord and tenant exist between the defendant and Hendrickson at the time the accident happened? Answer: Yes. Error was prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In view of the fact that all of the expenses of maintaining and operating this boarding house were paid by the Chemical Co. and the board was taken from the men's wages, it cannot be said that the finding of the jury that the defendant was a boarding house keeper was manifestly against the weight of the evidence.

2. It cannot be said that there was any inconsistency between the answers to the two interrogatories in view of the fact that relationship of principal and agent existed between the defendant and Hendrickson so far as the entire boarding house was concerned, and that the relationship of landlord and tenant existed between them in regard to one suite in the boarding house.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Chemical Co.; Edward W. Dissette and Green & Gallup, for Legan; all of Cleveland.